UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

BRADLEY S. WATERMAN                   :
1200 19th Street, N.W.                :
3rd Floor                             :
Washington, D.C. 20036                :
                                      :
                Plaintiff,            :
                                      :
    v.                                :   C.A. No. 1:16-cv-1823
                                      :
                                      :
INTERNAL REVENUE SERVICE              :
1111 Constitution Avenue, N.W.        :
Washington, D.C. 20224                :
                                      :
Defendant.                            :
                                      :

## COMPLAINT FOR INJUNCTIVE RELIEF

1.      The plaintiff seeks the disclosure of agency records improperly withheld from him by the Internal Revenue Service (the "IRS" or the "Defendant") and thus brings this action for injunctive and other appropriate relief pursuant to the Privacy Act of 1974, 5 U.S.C. § 552a et seq., and the Freedom of Information Act, 5 U.S.C. § 552(a) et seq.

### Parties

2.      Plaintiff Bradley S. Waterman ("Mr. Waterman" or "Plaintiff") is a citizen of the United States and a resident of Florida. He is an attorney with his principal place of business in Washington, D.C.

3.      Defendant IRS is a component of the Department of Treasury and therefore, an agency of the United States Government within the meaning of 5 U.S.C. § 552(f)(1) and 5 U.S.C. § 552a(a)(1). Defendant IRS is in possession and/or control of the requested records

pertaining to Mr. Waterman. Defendant IRS is headquartered at 1111 Constitution Avenue, N.W., Washington, D.C. 20224.

## Jurisdiction and Venue

4.   The Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(1), and 28 U.S.C. § 1331. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B), 5 U.S.C. § 552a(g)(5), and 28 U.S.C. § 1391(e).

## Facts

5.   On April 30, 2014, the IRS's Office of Professional Responsibility ("OPR") received a Report of Suspected Practitioner Misconduct ("Report") from Revenue Agent Michael Marchetti of the IRS's Tax-Exempt Bond function ("TEB"). The Report alleged that Mr. Waterman engaged in improper conduct during his representation of a client in a matter before Defendant IRS ("Allegations").  Neither TEB nor OPR sent Mr. Waterman a copy of the Report. Indeed, TEB never notified Mr. Waterman that it filed the Report with OPR, and Mr. Waterman was unaware that TEB had initiated a proceeding against him.

6.   Upon review, OPR determined that the Allegations did not warrant further investigation or action.

7.   By letter dated September 10, 2014, OPR Section Manager Takisha V. McGee notified Mr. Waterman of the Allegations and OPR's determination not to investigate or take action ("Notification Letter").  Again, OPR failed to send a copy of the Report with that letter.

8.   In the Notification Letter, OPR stated that it would retain the administrative file containing the Allegations for twenty-five years pursuant to 31 C.F.R. §10.53(c), the applicable

records control schedule approved by the National Archives and Records Administration, and the Internal Revenue Manual § 1.15.11-1(4).

9. In the Notification Letter, OPR stated that the Allegations – if true – could be viewed as cumulative conduct if there is a referral relating to Mr. Waterman in the future.

10. In the Notification Letter, OPR advised Mr. Waterman that he could provide a written response to the Allegations, which would be maintained in the administrative file with the Allegations.

11. Before filing Privacy Act and Freedom of Information Act requests, Mr. Waterman requested a copy of the Report from both TEB and OPR to prepare his response to the Report. Both TEB and OPR refused to provide Mr. Waterman with a copy of the Report.

12. By letter dated January 7, 2016, Mr. Waterman submitted a request ("Request") to Defendant IRS under the Privacy Act and Freedom of Information Act for copies of

> all documents prepared in connection with or otherwise relating to the Report, including (but not limited to) correspondence, memoranda, notes, reports, and other documents prepared by Revenue Agent Marchetti, TEB Group Manager Chelsea Kelly, TEB Field Operations Manager Allyson Belsome, TEB Director Rebecca Harrigal, OPR Section Manager McGee, OPR Attorney-Advisor James McElligott III, and other IRS personnel.

13. By letter dated April 19, 2016, Reinita L. House, Acting Disclosure Manager of IRS Disclosure Office 08, responded to Mr. Waterman's Request, informing him that twenty full pages and two partial pages of the fifty-four responsive pages were being withheld pursuant to FOIA exemptions ("Initial Determination"). The letter did not address Mr. Waterman's rights under the Privacy Act.

14. By letter dated May 15, 2016, Mr. Waterman appealed the denial of access to the records withheld according to the Initial Determination.

15. By letter dated June 2, 2016, P. Perez, Appeals Team Manager of Defendant IRS's Appeals Office, denied Mr. Waterman's Appeal and upheld the Initial Determination.

**Count I**
**(Violation of the Privacy Act, 5 U.S.C. § 552a)**

16. Plaintiff realleges paragraphs 1 through 15 as if fully stated herein.

17. Plaintiff is an individual seeking access to information about himself.

18. Any documentation in the possession, custody, and control of Defendant is a record maintained in a system of records, as described in 5 U.S.C. § 552a(a)(4)-(5).

19. Upon information and belief, there are approximately fifty-four pages responsive to Plaintiff's request. Defendant is wrongfully withholding twenty full pages and two partial pages, despite Plaintiff's notification to Defendant that he requires access to these records to respond to the Allegations maintained in the administrative file.

20. Plaintiff has exhausted all required and available administrative remedies.

21. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records. Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

22. Plaintiff has a legal right under the Privacy Act to obtain the information he seeks, and there is no legal basis for Defendant's denial of said right. Defendant's refusal to provide Plaintiff with the entire Report and all related documents amounts to a deprivation of Plaintiff's federal rights.

WHEREFORE, Plaintiff requests that this Court award him the following relief: (1) declare that Defendant violated the Privacy Act; (2) order Defendant to immediately disclose the requested records in their entirety and make copies available to Plaintiff; (3) award Plaintiff

reasonable costs and attorney's fees as provided in 5 U.S.C. § 552a(g)(3)(B); and (4) grant such other relief as the Court may deem just and proper.

### Count II
### (Violation of the Freedom and Information Act, 5 U.S.C. § 552)

23. Plaintiff realleges paragraphs 1 through 15 as if fully stated herein.

24. Defendant is unlawfully withholding records requested by Plaintiff pursuant to 5 U.S.C. § 552.

25. Plaintiff has exhausted applicable administrative remedies.

26. Plaintiff is being irreparably harmed by reason of Defendant's unlawful withholding of requested records. Plaintiff will continue to be irreparably harmed unless Defendant is compelled to conform its conduct to the requirements of the law.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare that Defendant violated the Freedom of Information Act; (2) order Defendant to immediately disclose the requested records in their entireties and make copies available to Plaintiff; (3) award Plaintiff reasonable costs and attorney's fees as provided in 5 U.S.C. §552(a)(4)(E); and (4) grant such other relief as the Court deems just and proper.

Date: September 12, 2016

Respectfully Submitted,

  /s/ L. Barrett Boss
L. Barrett Boss (D.C. Bar No. 398100)
Cozen O'Connor
1200 19th Street, N.W.
3rd Floor
Washington, D.C. 20036
(202) 912-4818
bboss@cozen.com

*Counsel for Plaintiff*