# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **BRADLEY S. WATERMAN,** | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Case No. 16-1823 (RJL) |
| **INTERNAL REVENUE SERVICE,** | ) |
| **Defendant.** | ) |

## MEMORANDUM OPINION

(September 20, 2021) [Dkts. ## 18, 24, 43, 44]

Bradley S. Waterman ("plaintiff" or "Waterman"), a licensed tax attorney, brought this suit against the Internal Revenue Service ("defendant" or "IRS") pursuant to the Freedom of Information Act ("FOIA"). Waterman claims that, in responding to his FOIA request for information regarding an IRS Office of Professional Responsibility ("OPR") investigation into his alleged misconduct, the IRS improperly withheld certain responsive information. *See generally* Compl. [Dkt. # 1]. This Court previously granted summary judgment to the IRS, concluding that the information in question was lawfully withheld by the IRS pursuant to various FOIA exemptions. *See* Mem. Op. and Order [Dkts. ## 30, 31]; *Waterman v. IRS* (*Waterman I*), 288 F. Supp. 3d 206 (D.D.C. 2018). After Waterman appealed, however, the Court of Appeals concluded that my previous decision did not make a sufficient finding on the issue of segregability and remanded the case for this Court to make such a finding in the first instance. *See Waterman v. IRS* (*Waterman II*), 755 F. App'x 26, 28 (D.C. Cir. 2019).

Pursuant to this narrow remand, and having reviewed *in camera* unredacted versions of the records at issue, the Court (1) reaffirms its previous conclusion that the IRS's withholding of responsive information was justified in each case under the exemptions to FOIA cited by the agency and (2) now finds expressly that the IRS has met its burden of showing that it disclosed all reasonably segregable information responsive to Waterman's FOIA request. Accordingly, the IRS's motion for summary judgment on Count II of Waterman's complaint is GRANTED; Waterman's second renewed motion for summary judgment is DENIED; the IRS's pending cross-motion to strike Waterman's second renewed motion is DENIED as MOOT; and this case is dismissed.

## BACKGROUND

The parties are in agreement on the basic facts giving rise to this action, which are detailed in my previous opinion.[1] To recount briefly, Waterman represents clients in disputes with the IRS. During Waterman's representation of the New Hampshire Health and Education Facilities Authority ("the Authority") before the IRS's Tax-Exempt Bond Office ("TEB"), the TEB apparently suspected misconduct on Waterman's part and thereafter filed a Report of Suspected Practitioner Misconduct ("Report") with the OPR. OPR thereafter opened a case file on Waterman, and OPR staff examined the Report. After investigation, OPR eventually concluded that the allegations against Waterman warranted no further inquiries or action. *See* Decl. of Keith C. Ott ¶¶ 3–8 [Dkt. # 18-3]. Waterman was informed of the Report by OPR in September 2014. OPR also informed Waterman of

---

[1] *See Waterman I*, 288 F. Supp. 3d at 209–10.

its conclusion not to take any additional disciplinary action, of Waterman's duty to abide by IRS rules and regulations in the future, and that OPR would retain the file containing the misconduct referral for twenty-five years and reserved the right to reference the file in any future OPR investigations or proceedings. Pl.'s Cross-Mot. for Summ. J., Ex. A. [Dkt. # 24-1].

In January 2016, after Waterman unsuccessfully sought all information related to the Report through informal communication with the IRS, Waterman submitted the FOIA request at issue here. *See* Def.'s Mot. for Summ. J., Ex. A [Dkt. # 18-7]. In that request, Waterman sought the Report as well as "all documents prepared in connection with or otherwise relating to the Report," including all "correspondence, memoranda, notes, reports, and other documents" prepared by IRS personnel responsible for investigating and reviewing the Report. *Id.* at 2. Following a search for records, the IRS identified fifty-four total pages of responsive records, segregated and produced the non-exempt records and portions of records, and withheld the remaining records it had determined were within the scope of FOIA's disclosure exemptions. *See* Decl. of Elizabeth Rawlins ("Rawlins Decl.") ¶¶ 8–14 [Dkt. # 18-4].

The present dispute arises from this latter determination by the IRS, *i.e.*, which records and portions of records it deemed to be exempt from disclosure and thus withheld from Waterman. The IRS. through its *Vaughn* index, *see* Def.'s Mot. for Summary Judgment, Attach. 5 ("*Vaughn* Index") [Dkt. # 18-5], as well as in accompanying declarations by agency personnel, *see, e.g.*, Rawlins Decl., identified two general categories of information withheld from Waterman. First, citing to Exemptions 6 and 7(c),

the IRS redacted the telephone number and e-mail addresses of IRS employees from a set of one-page e-mails between IRS employees. *See* Rawlins Decl. ¶¶ 23–24. Second, and more significantly, the IRS withheld portions of two documents and the entire substance of three memoranda related to Waterman's representation of the Authority before the TEB, the OPR's investigation, and evaluations by agency personnel of whether to pursue any disciplinary action against Waterman. *See* Rawlins Decl. ¶¶ 16–21. The IRS claimed its decision to withhold this latter category of information was proper under either of two FOIA exemptions: (1) Exemption 3, which the IRS asserted in conjunction with a federal statute prohibiting disclosure of third-party tax return information; and (2) Exemption 5. *See* Rawlins Decl. ¶¶ 16, 18.

In my previous opinion, I upheld the IRS's determinations as to the applicability of Exemption 6 regarding the contact information of agency personnel and of Exemption 5 to the withheld portions of documents and memoranda. *See Waterman I*, 288 F. Supp. 3d at 211–15. As a result of that decision, summary judgment was entered in favor of the IRS. *Id.* As noted above, however, on appeal the Court of Appeals vacated that order and remanded for this Court to make, in the first instance, an express finding that the IRS had complied with its obligation to disclose any non-exempt portions of records that are "reasonably segregable" from exempt portions. *See Waterman II*, 755 F. App'x at 27–28; *see also* 5 U.S.C. § 552(b). The Court of Appeals did not otherwise address the merits of the IRS's claimed exemptions.

At my request on remand, the Government has provided the Court with unredacted versions of the documents at issue, as well as versions redacted in the same manner as those

4

provided to plaintiff in response to his FOIA request. *See* Minute Entry, Nov. 4, 2019; Minute Order, June 23, 2020. Thereafter I conducted an *in camera* review of the documents for purposes of evaluating the IRS's compliance with the segregability requirement. In the interim, Waterman filed a renewed motion for summary judgment, while the IRS filed a cross-motion to strike Waterman's renewed motion as unnecessary and procedurally improper. *See* Pl.'s Second Renewed Mot. for Summ. J. [Dkt. # 43]; Def.'s Cross-Mot. to Strike [Dkt. # 44]. In total, Waterman continues to challenge the validity of the IRS's withholding of five records or portions of records spanning approximately twenty pages. *See* Mem. in Support of Pl.'s Second Renewed Mot. for Summary Judgment at 3 [Dkt. # 44-1]; *see also* Def.'s Not. of Filing Redacted Documents, Ex. 1, 3–6 [Dkt. ## 42-1, 42-3 to -6].

## STANDARD OF REVIEW

As before the remand, both parties have moved for summary judgment on Count II of the complaint, with Waterman having filed a renewed motion for summary judgment following remand as noted above.[2] Summary judgment is appropriately granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). FOIA cases like this one are routinely adjudicated on motions for summary judgment. *See Brayton v. Office of U.S. Trade Rep.*, 641 F.3d 521, 527 (D.C. Cir. 2011).

---

[2] After the remand, Waterman filed a renewed motion for summary judgment, which the Court denied without prejudice before requesting from the IRS the unredacted documents at issue to review *in camera*. *See* Minute Order, Oct. 21, 2019. Waterman subsequently filed his second renewed motion for summary judgment, while the IRS has relied on its motion for summary judgment that was granted by the Court previously, *see* Cross-Mot. to Strike 6–7.

"FOIA requires executive branch agencies to make their records available 'to any person' upon request, 5 U.S.C. § 552(a)(3)(A), subject to nine exemptions, *id.* § 552(b)(1)–(9)." *Newport Aeronautical Sales v. Dep't of Air Force*, 684 F.3d 160, 162 (D.C. Cir. 2012). To prevail on summary judgment in a FOIA case, an agency must show that it adequately searched for records responsive to the relevant request and that any records withheld by the agency fall within one of FOIA's statutory exemptions. *See id.*; *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). As noted above, FOIA further requires the agency to disclose "any reasonably segregable portion of a record . . . after deletion of the portions which are exempt," 5 U.S.C. § 552(b), an obligation that "applies to all FOIA exemptions." *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1116 (D.C. Cir. 2007).

As recounted in my prior opinion, Waterman does not challenge the adequacy of the search for records undertaken by the IRS; instead, he challenges only the extent to which the IRS has validly withheld certain responsive records under FOIA's exemptions. *See Waterman I*, 288 F. Supp. 3d at 210. In adjudicating such a claim, a court may grant summary judgment to an agency if, upon de novo review of the agency's decision to withhold responsive records, the court concludes that the agency "had not withheld any segregable, nonexempt materials." *Sussman*, 494 F.3d at 1117. To make such a determination, the Court may rely solely on information provided in an agency's affidavits or declarations when those materials "describe[] the justifications for withholding the information with specific detail, demonstrate[] that the information withheld logically falls within the claimed exemption, and [are] not contradicted by contrary evidence in the record

or by evidence of the agency's bad faith." *Am. Civil Liberties Union v. U.S. Dep't of Defense*, 628 F.3d 612, 619 (D.C. Cir. 2011) (internal quotation marks omitted). In addition, the Court has "broad discretion" to undertake *in camera* review of the records at issue if such review would be appropriate to aid in evaluating the agency's withholding of records under its claimed exemptions. *Armstrong v. Executive Office of the President*, 97 F.3d 575, 577–78 (D.C. Cir. 1996); *see also Stolt-Nielson Transp. Group Ltd. v. United States*, 534 F.3d 728, 734–35 (D.C. Cir. 2008).

## ANALYSIS

The scope of the remand here is narrow: our Court of Appeals specifically called for an "express" finding in the first instance that the withheld records and portions of records did not contain "reasonably segregable" information that could and should have been disclosed by the IRS to Waterman pursuant to his FOIA request. *See Waterman II*, 755 F. App'x at 28. The Court of Appeals did not address my conclusion that the IRS had properly invoked FOIA's Exemption 5, *see* 5 U.S.C. § 552(b)(5), in withholding records (or portions thereof) that were otherwise responsive to Waterman's request.[3] The Court therefore reaffirms its prior conclusion that the withholding of each of the records at issue was justified pursuant to Exemption 5,[4] and, for the following reasons, now further finds

---

[3] As described above, in my previous opinion, I also upheld the IRS's invocation of FOIA Exemption 6 to withhold phone numbers of certain personnel. *See Waterman I*, 288 F. Supp. 3d at 211–12 & n.2. Waterman does not now challenge this withholding nor the Court's decision regarding it, *see* Pl.'s Second Renewed Mot. at 3; Pl.'s Cross-Mot. for Summary Judgment at 10, but, in any event, I find once more that the withholding of this information was appropriate and, further, that the IRS's limited redactions of the exempt information from the otherwise fully disclosed records clearly satisfied the IRS's duty to disclose segregable information not subject to the exemption.

[4] In his renewed motions for summary judgment, Waterman raises a *new* argument concerning the applicability of Exemption 5 to the withheld records, based on a recently enacted IRS policy under which "OPR now sends a letter to the practitioner advising of the issues presented in the matter under investigation and gives the practitioner an

7

expressly that the IRS complied with its obligation under FOIA to disclose any records reasonably segregable from exempt records or portions of records.

FOIA's segregability requirement has been interpreted as imposing a duty on agencies to disclose "non-exempt portions of a document . . . unless they are inextricably intertwined with exempt portions." *Mead Data Central, Inc. v. Dep't of the Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). Our Circuit Court has noted that this rule implies that "an entire document is not exempt merely because an isolated portion need not be disclosed." *Vaughn v. Rosen*, 484 F.2d 820, 825 (D.C. Cir. 1973). "[T]he agency may not sweep a document under a general allegation of exemption" because "it is quite possible that part of a document should be kept secret while part should be disclosed." *Id.*

Here, while citing Exemption 5, the IRS partially redacted two of the documents at issue—a four-page computer print-out from OPR's case management system and a portion of a September 4, 2014 e-mail from the IRS Legal Analysis Branch manager to an OPR

---

opportunity to comment, and, then, when it's an appropriate disposition of the case, sends a second letter" to close the case. Pl.'s Second Renewed Mot. for Summ. J., Ex. 1, at 2 [Dkt. # 43-2]. Waterman contends that this new policy requires disclosure by the agency of the same factual information contained in the withheld records, and thus the agency can no longer validly rely on the deliberative process privilege to withhold that information from Waterman. While the IRS asserts that this argument is outside of the scope of the remand and should be disregarded, *see generally* Def.'s Cross-Mot. to Strike, it is in any event unpersuasive. The bulletin announces only that the IRS has now adopted a policy by which the agency will provide relevant factual information via letter to the subjects of OPR inquiries. Even accepting Waterman's premise that the factual information in this letter would be the same as that contained in the records at issue, the fact that the IRS may in the future choose to provide similarly situated individuals with similar factual information *in some form* does not inexorably lead to the conclusion that Waterman is entitled to deliberative and predecisional records that happen to also contain such factual information in response to a FOIA request. In the final analysis, I did not uphold the IRS's invocation of Exemption 5 and the deliberative process privilege because of the nature of the factual material contained within the records at issue, but instead because of how those documents were prepared and for what purpose. *See Waterman I*, 288 F. Supp. 3d at 214 ("[T]he particular facts included in the [OPR] memorand[a] were 'extract[ed]' from a 'larger universe of facts' regarding Waterman's representation in an 'exercise of judgment as to what issues seemed most relevant' to the referring employees' decision to file an OPR Report." (quoting *Hardy v. Bureau of Alcohol, Tobacco, Firearms & Explosives*, 243 F. Supp. 3d 155, 170 (D.D.C. 2017))). The IRS policy relied on by Waterman thus has no effect on my conclusion that those records were validly withheld under Exemption 5.

attorney—and withheld in full the contents of three memoranda prepared by IRS personnel. *See, e.g., Vaughn* Index at 1–4; Def.'s Not. of Filing Redacted Documents, Ex. 1, at 3–6; *see also Waterman I*, 288 F. Supp. 3d at 212.[5] The question of segregability is most straightforward as to the two redacted records: Regarding the four-page computer print-out, the IRS redacted only a limited portion of the document (amounting to a single paragraph) that is comprised entirely of an OPR analyst's opinion and recommendation concerning Waterman's conduct and the IRS's response. Such interim analysis and conclusions shared among agency personnel are quintessentially predecisional and deliberative in nature, and the redacted portion contains no material that would fall outside of that category. Similarly, the portions of the September 4, 2014 email redacted pursuant to Exemption 5 are comprised exclusively of the agency employee sender's summary of the interim recommendations of the agency concerning whether to discipline Waterman. The redactions in both documents, therefore, reflect the IRS's lawful withholding of records protected by Exemption 5 and the deliberative process privilege while disclosing to Waterman the remaining reasonably segregable portions of those documents.

The IRS withheld the other three documents at issue in their entirety, meaning the agency reached the conclusion that no portion of those documents was both outside of the scope of FOIA's exemptions and reasonably segregable from those portions that were

---

[5] As noted in my previous opinion, the IRS also cited to FOIA Exemption 3 and § 6103(a) of the Internal Revenue Code—which together preclude the disclosure of third-party taxpayer information without the taxpayer's consent—to justify its withholding of information contained in four of the records at issue in this case. *See generally Vaughn* Index; *see also Waterman I*, 288 F. Supp. 3d at 212 n.3. However, the IRS has since abandoned this justification, and, in any event, the Court's conclusion as to the validity of the IRS's Exemption 5 claim again would have rendered analysis of the applicability of Exemption 3 unnecessary.

exempt. I agree with the IRS's conclusions regarding these three documents as well, largely for reasons articulated in my previous opinion, *see Waterman I*, 288 F. Supp. 3d at 213–15. Each of the withheld documents is predecisional and deliberative in nature, reflecting preliminary, interim summaries and analyses of Waterman's alleged conduct. And as I stated before, the fact that these memoranda contain summations of the factual allegations concerning Waterman—even straightforward recitals of his interactions with the agencies—does not *alone* render the deliberative process privilege inapplicable, as the very choice of which facts to present and rely upon in reaching investigative recommendations and decisions is shielded by the privilege and thus by Exemption 5. The December 2014 memorandum, like the redacted portion of the computer print-out, additionally contains an analyst's opinions and recommendations as to the agency's course of action regarding Waterman, the archetypal form of record shielded by the deliberative process privilege. Because I find that the entirety of each of these memoranda is comprised of predecisional deliberation by agency personnel, I necessarily also find that the IRS was justified in entirely withholding the memoranda from Waterman pursuant to Exemption 5. In short, there is no portion of these documents that would be considered non-exempt and thus no question of whether such a portion could have been segregable and required to be disclosed.[6]

---

[6] I would note that, while I undertook an *in camera* review of the documents at issue and have reached these conclusions based on that review, the descriptions provided by the IRS in its *Vaughn* Index and accompanying affidavits align fully with the actual contents of the documents reviewed by the Court.

As such, I find that the IRS fully complied with its obligations under FOIA to disclose all reasonably segregable non-exempt records to Waterman, and I therefore once more find that the IRS's disclosures in response to Waterman's FOIA request were lawful.

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment, DENIES plaintiff's cross-motion for summary judgment and plaintiff's second renewed motion for summary judgment, and DENIES as MOOT defendant's cross-motion to strike. An Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge